IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TRAVIS HAKEEM BURNSIDE,        )
                                    )
            Plaintiff,           )
                                    )
      v.                  )          CV 124-180
                                    )
LELAND DUDEK, Acting Commissioner  )
of Social Security Administration,[1]    )
                                    )
           Defendant.      )

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

## I.    BACKGROUND

Plaintiff applied for DIB on April 24, 2023, and he alleged a disability onset date of September 29, 2017. Tr. ("R."), pp. 66, 67. Plaintiff's last insured date for purposes of the DIB application is June 30, 2023. R. 67, 285. Plaintiff was twenty-three years old on his alleged onset date, and was twenty-nine years old at the time the Administrative Law Judge ("ALJ") issued the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Leland Dudek, Acting Commissioner of Social Security Administration, as the proper Defendant.

decision currently under consideration. R. 32, 67. Plaintiff alleged disability based on: bipolar disorder type 1, sleep apnea, lower back pain, left knee pain, plantar fasciitis, tendinitis, schizoaffective disorder, pes planus, hip femoral acetabular impingement, obesity, sleep apnea, and headaches. R. 20, 69, 262. Plaintiff reported completing two years of college, (R. 45, 263), and prior to his alleged disability date, had accrued a history of past work that included military service and construction site cleanup, although none of the jobs qualified as past relevant work under the applicable regulations, (R. 31, 42-44, 263).

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 66-83. Plaintiff requested a hearing before an ALJ, (R. 17, 101), and the ALJ held a hearing by telephone on July 16, 2024, (R. 37, 39). Represented by counsel, Plaintiff appeared and testified, as did vocational expert ("VE") Jacqueline Kennedy Merritt. R. 37-63. On July 30, 2024, the ALJ issued a decision finding Plaintiff not disabled.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 29, 2017 through his date last insured of June 30, 2023. 20 C.F.R. § 404.1571 *et seq*.

2. Through the date last insured, the claimant had the following severe impairments: schizoaffective disorder, bilateral plantar fasciitis and pes planus, left hip femoral acetabular impingement and obesity. 20 C.F.R. § 404.1520(c).

3. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

4. Through the date last insured, the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[2]

---

[2] "Light work" is defined as:

including: occasionally lift and/or carry 20 pounds and frequently lift and/or carry 20 pounds; sit for six hours, stand and/or walk for six hours; frequently operate foot controls; can climb ramps and stairs occasionally; occasionally climb ladders six feet high or less; no climbing ropes of scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; can never work at unprotected heights or near moving mechanical parts; no operating a motor vehicle as a work requirement; extreme heat occasionally; moderate noise environment; limited to simple, routine tasks; simple workplace decisions; able to interact with supervisors and coworkers frequently and the public occasionally; able to tolerate few changes in a routine work setting in terms of core work duties and processes, with changes mostly gradually introduced and not rapid in nature. The claimant has no past relevant work. 20 C.F.R. § 404.1565.

5. Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed. 20 C.F.R. §§ 404.1569 and 404.1569(a). The claimant was not under a disability, as defined in the Social Security Act, since September 29, 2017, the alleged onset date, through June 30, 2023, the date last insured. 20 C.F.R. § 404.1520(g).

R. 19-32.

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, (R. 1-5), the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action *pro se* requesting reversal or remand. Doc. nos. 1, 4; see also doc. no. 10 ("Pl.'s Br.").

---

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.    DISCUSSION

Plaintiff argues the ALJ: (1) afforded little or no weight to Plaintiff's 100% disability rating issued by the Veterans Administration ("VA"), (2) "cherry-picked" the medical evidence, (3) failed to consider the "instability" inherent to some of Plaintiff's conditions, (4) failed to give greater weight to the opinions of long-term treating physicians over physicians who only evaluated Plaintiff once, (5) discredited Plaintiff's subjective complaints because there was no medical evidence to support them, (6) should have disregarded Plaintiff's reports that his audio and visual hallucinations were "minor or could be ignored" because such statements are "ludicrous," and (7) improperly found Plaintiff's knee and back impairments to be medically non-determinable. See Pl.'s Br. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 11, ("Comm'r's Br.").

### A.    Plaintiff's Argument that the ALJ Should Have Disregarded Plaintiff's Statements About His Hallucinations Is Abandoned

Although the Court liberally construes *pro se* briefs, "[t]o avoid abandonment, a party must plainly and prominently raise a claim or issue." Anglin v. Soc. Sec. Admin., 602 F. App'x 483, 484 (11th Cir. 2015); see also Whitten v. Soc. Sec. Admin., Comm'r, 778 F. App'x

791, 793-94 (11th Cir. 2019) (*per curiam*) (raising issue properly in opening brief requires plain and prominent presentment "supported by arguments and citations to the record" and recognizing issue may be abandoned when references are "buried within main arguments" or mentioned only in passing reference without supporting arguments) (citing Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681-82 (11th Cir. 2014)).

The sixth issue Plaintiff raised in his brief is that the ALJ should have disregarded Plaintiff's reports that his audio and visual hallucinations were "minor or could be ignored" because such statements are "ludicrous." Pl.'s Br., pp. 3-4. Plaintiff further "contend[s] there is no such thing as a minor hallucination" with no evidence, citation to the record, or legal argument to support his contention. Id. at 4. Although Plaintiff plainly raises this issue, he fails to pursue it in any meaningful way. Plaintiff does not identify where or how the ALJ utilized these statements improperly, much less why it was error for the ALJ to consider such statements to the extent they were part of the administrative record or how these statements contributed to the ALJ's finding Plaintiff is not disabled. Accordingly, the Court deems this argument abandoned. See Whitten, 778 F. App'x at 793-94.

### B.    The Revised Regulations Do Not Require Giving Weight to the VA Rating

In Plaintiff's first enumeration of error, he argues the ALJ erred by affording little or no weight to Plaintiff's 100% VA disability rating, in violation of Social Security Ruling No. 06-3p, and consideration of his VA rating would "bring a much more complete picture of an individual who cannot work." Pl.'s Br., pp. 2-3. This argument does not form a valid basis for reversal or remand.

Prior to March 27, 2017, the Commissioner's regulations, and Eleventh Circuit precedent instructed the ALJ to assign "great weight" to the VA's disability rating. See 20 C.F.R. §

404.1504; SSR 06-3p ("the adjudicator should explain the consideration given to [a VA disability decision] in the note of decision for hearing cases"); Falcon v. Heckler, 732 F.2d 827, 831 (11th Cir. 1984) (quoting Bloodsworth, 703 F.2d at 1241) (holding "[t]he findings of disability by another agency, although not binding on the [Commissioner] are entitled to great weight"); Ostborg v. Comm'r of Soc. Sec., 610 F. App'x 907, 914 (11th Cir. 2015) (per curiam) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight.") (citation omitted).  "Great weight" does not mean controlling, but "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." Brown-Gaudet-Evans v. Comm'r of Soc. Sec., 673 F. App'x 902, 904 (11th Cir. 2016) (per curiam).

Pursuant to the revised regulations, applicable to claims filed after March 27, 2017, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a) (2017); 416.920c(a) (2017).  As to other agency determinations, such as a VA disability determination, the new regulations state that "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled, blind, employable, or entitled to benefits." 20 C.F.R. § 404.1504.  Moreover, the regulations specify that VA disability ratings constitute evidence that is "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c)(1).  Nevertheless, the regulations require the ALJ to "consider all of the supporting evidence underlying the other governmental agency['s] . . . decision that [the ALJ] receive[s] as evidence in [a plaintiff's] claim." 20 C.F.R. § 404.1504; see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1330 (11th Cir. 2020) (affirming new

regulations no longer require analysis of agency determinations, but supporting evidence must be considered).

Accordingly, the Court is not persuaded by Plaintiff's argument the ALJ erred by not addressing or giving weight to Plaintiff's 100% VA disability rating. Under the new regulations, the ALJ was not required to assign any persuasiveness or provide any analysis of the VA disability rating. See 20 C.F.R. §§ 404.1504, 404.1520b(c)(1). Rather, the ALJ was only required to consider the evidence underlying the VA's decision. See 20 C.F.R. §§ 404.1504, 404.1520b(c)(1). Additionally, while Plaintiff does not argue the ALJ failed to address the evidence underlying the VA's determination, the Court finds such an argument unpersuasive because the ALJ's comprehensively assessed all the evidence received in Plaintiff's claim under 20 C.F.R. § 404.1513. See R. 19-32.

## C.    Plaintiff's RFC Is Supported by Substantial Evidence

Plaintiff argues the ALJ erred when formulating his RFC in four ways: by improperly evaluating Plaintiff's subjective complaints, "cherry picking" the record for evidence of "relative normalcy while brushing off" evidence showing greater impairment, failing to consider the "instability" of some of Plaintiff's mental impairments, and failing to give greater weight to the opinions of Plaintiff's long-term treating physicians. Pl.'s Br., pp. 2-3. The Court finds the ALJ made no error.

### 1.    Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused

by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (per curiam). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (per curiam) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### 2.    Evaluating Subjective Complaints

As part of formulating the RFC, the ALJ must evaluate a claimant's subjective complaints, for which the Eleventh Circuit has established a three-part standard of evaluation. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and

adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).

In doing so, the ALJ is not judging a claimant's credibility or character for truthfulness, but rather "whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1308 (11th Cir. 2018) (quoting SSR 16-3p, 2016 WL 1020935, at *14170 (orig. publ. Mar. 16, 2016)). Social Security Ruling 16-3p clarifies "that subjective symptom evaluation is not an examination of an individual's character . . . [but rather is an evaluation of] the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult." SSR 16-3p, 2016 WL 1020935, at *14167.

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence.

Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3]  As courts within this Circuit have

explained,

> SSR 16–3p also expressly provides that the ALJ may not make conclusory
> statements about having considered the symptoms, or merely recite the factors
> described in the regulations.  Rather, the determination or decision must contain
> specific reasons for the weight given to the individual's symptoms, be
> consistent, and supported by the evidence, and be clearly articulated so the
> individual and any subsequent reviewer can assess how the adjudicator
> evaluated the individual's symptoms.

Ring v. Berryhill, 241 F. Supp.3d 1235, 1251 (N.D. Ala. 2017), *aff'd sub nom*. Ring v. Soc.

Sec. Admin., Comm'r, 728 F. App'x 966 (11th Cir. 2018) (*per curiam*).  When reviewing the

ALJ's credibility determination, "[t]he question is not . . .  whether [the] ALJ could have

reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to

discredit it."  Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (*per

curiam*).

### 3.    The ALJ Did Not Err in Considering Plaintiff's Subjective Complaints When Formulating the RFC

In his fifth enumeration of error, Plaintiff argues the ALJ erred by "using the apparent

absence of backing medical records to deny subjective evidence."  Pl.'s Br., p. 4.  Plaintiff then

notes the record demonstrates he repeatedly complained to medical providers about pain and the

ALJ should not have disregarded Plaintiff's "statements about the intensity, persistence, and

limiting effects of symptoms solely because the objective medical evidence does not substantiate

the degree of impairment-related symptoms alleged by the individual."  Id. (quoting SSR 16-3p).

The Commissioner argues "the ALJ properly considered Plaintiff's subjective complaints in

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October
1, 1981.

determining his RFC" and notes the ALJ found "Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. The ALJ gave some credence to Plaintiff's complaints, however, and incorporated what the ALJ determined to be reasonable functional limitations in the RFC finding." Comm'r's Br., p. 6 (citing R. 23, 29). The Court agrees with the Commissioner that the ALJ properly considered Plaintiff's subjective complaints when formulating the RFC.

Plaintiff testified, as the ALJ explained, that he has a hard time focusing and communicating with others, gets tired easily, has intermittent audio hallucinations, and experiences pain, stress, forgetfulness, and side effects from his medications. (R. 24, 29-30.) After his review of the entire record, including Plaintiff's subjective complaints, the ALJ explained:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 29.

The ALJ then reviewed Plaintiff's subjective complaints and the relevant medical evidence. R. 29-30. The ALJ noted medical records verified Plaintiff's complaint of hallucinations and demonstrated he "presented on a consistent basis for formal mental health related treatment." R. 29. However, the ALJ also noted Plaintiff's hallucinations "are 'minor' or 'once in a while' and they don't bother him, and he can ignore them," and Plaintiff "reports on numerous occasions that medication management is successful in treating his reported symptoms and has kept his symptoms well controlled." R. 29-30. The ALJ also noted Plaintiff's consistent reports he is "doing well," responds well to medication, and overall positive mental functioning.

Id.  Concerning Plaintiff's complaints of pain, the ALJ noted Plaintiff's physical exams which routinely show normal physical functioning and Plaintiff's satisfaction with his orthotics and regular exercise.  R. 30.

Plaintiff's main objection concerning the ALJ's assessment of Plaintiff's subjective complaints is the ALJ discredited Plaintiff's subjective complaints because there was no medical evidence to support them.  Pl.'s Br., pp. 3-4.  However, such an approach is entirely appropriate and, in fact, necessary when an ALJ evaluates a claimant's subjective complaints.  As explained above, the ALJ must determine "whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'"  Hargress, 883 F.3d at 1308 (quoting SSR 16-3p).  Here, the ALJ conducted such an evaluation, determined Plaintiff's subjective complaints were "not entirely consistent with the medical evidence and other evidence in the record," R. 29, and articulated "explicit and adequate" reasons for doing so, Foote, 67 F.3d at 1561.  Thus, the ALJ properly considered Plaintiff's subjective complaints.  The ALJ's determination concerning Plaintiff's subjective complaints is supported by substantial evidence, and the ALJ made no legal error.

### 4.    Plaintiff's RFC Is Supported by Substantial Evidence

Plaintiff argues in his second, third, and fourth enumerations of error, albeit cursorily, the ALJ erred when formulating Plaintiff's RFC by determining Plaintiff can perform light work with additional restrictions.  The Court finds the RFC is supported by substantial evidence.

The ALJ found, in relevant part:

[T]he claimant had the [RFC] to perform light work as defined in 20 C.F.R. § 404.1567(b) including: occasionally lift and/or carry 20 pounds and frequently lift and/or carry 20 pounds; sit for six hours, stand and/or walk for six hours;

> frequently operate foot controls; can climb ramps and stairs occasionally; occasionally climb ladders six feet high or less; no climbing ropes of scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; can never work at unprotected heights or near moving mechanical parts; no operating a motor vehicle as a work requirement; extreme heat occasionally; moderate noise environment; limited to simple, routine tasks; simple workplace decisions; able to interact with supervisors and coworkers frequently and the public occasionally; able to tolerate few changes in a routine work setting in terms of core work duties and processes, with changes mostly gradually introduced and not rapid in nature.

R. 23.  The ALJ then comprehensively reviewed Plaintiff's medical records, including those related to his severe mental impairments and those provided by his long-term treating physicians, for over seven pages.  See R. 23-30.  Moreover, the ALJ affirmed:  "I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . . I also considered the medical opinion(s) and prior administrative medical finding(s) . . . ."  R. 23.

In his second enumeration of error, Plaintiff alleges the ALJ "cherry picked" the record for evidence of "relative normalcy while brushing off" evidence showing greater impairment.  Pl.'s Br., p. 2.  Plaintiff's "argument suggests there is a plethora of evidence . . . that the ALJ ignored. The record does not support this premise."  Baker v. Kijakazi, No. 122-CV-110, 2023 WL 3963814, at *3 (M.D. Ala. June 12, 2023).  In fact, the ALJ's decision belies Plaintiff's claim because it includes ample references to evidence demonstrating Plaintiff's repeated hospitalizations, bouts of medication noncompliance, mental instability, and episodes of psychosis.  See, e.g., R. 24-26 (cataloguing evidence of Plaintiff's hospitalizations, hallucinations, "psychosis characterized by paranoia, hyper-religiosity, auditory hallucinations, and some disorganization," "multiple episodes of medication noncompliance

followed by admission to the psychiatric unit with psychotic symptoms and catatonia," and, in more recent years, improvement of symptoms and consistent medication compliance).

While Plaintiff takes issue with the ALJ's failure to discuss certain details from the record, the ALJ is not required to explicitly connect every piece of evidence that is found to be inconsistent with a specific opinion or to discuss every piece of evidence so long as the Court is able to conduct meaningful judicial review. Gogel v. Comm'r of Soc. Sec., No. 2:20-CV-366, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), and 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)). Considering the ALJ's decision as a whole, including the overall discussion of Plaintiff's limitations, it is clear the ALJ did not "cherry-pick" only the non-disabling evidence, as he considered "all the relevant medical and other evidence" and appropriately weighed that evidence to formulate Plaintiff's RFC. Phillips, 357 F.3d at 1238.

In his third enumeration of error, Plaintiff argues the ALJ failed to consider the "instability" of some of Plaintiff's mental impairments, specifically psychosis, schizophrenia, and bipolar disorder, and that the ALJ should have considered the "grand picture" rather than focusing on evidence of short episodes of normalcy. Pl.'s Br., pp. 2-3. "[T]he Court rejects Plaintiff's argument that remand is necessary because the ALJ failed to account for fluctuations in Plaintiff's symptoms. In his decision, the ALJ evaluated the medical evidence and explained his reasoning in determining Plaintiff's RFC." Colston v. Comm'r of Soc. Sec., No. 817-CV-1089, 2018 WL 4520366, at *4 (M.D. Fla. Sept. 21, 2018). Indeed, the ALJ's reasoning demonstrates he considered the fluctuations in Plaintiff's symptoms, including the episodic nature of Plaintiff's conditions, but ultimately concluded, "the overall record simply does not support a more limiting residual functional capacity than the one detailed above in this case."

R. 30; see also id. at 23-30.  The Court finds, based on the ALJ's thorough review of the entire record, the ALJ did consider the fluctuations in Plaintiff's symptoms and his conclusions are supported by substantial evidence.

In his fourth enumeration of error, Plaintiff argues the ALJ erred by failing to "carefully consider the testimonies from long-term attending physicians as majorly authoritative and more prudent than that of a physician who just evaluated the patient once."  Pl.'s Br., p. 3. Like his argument concerning the ALJ's consideration of his VA disability rating, Plaintiff appears to rely on outdated regulations applying to claims filed before March 27, 2017.  "For claims filed on or after March 27, 2017, the ALJ will not defer or give any specific evidentiary weight, including controlling weight to any medical opinion(s) or prior administrative medical finding(s).  This regulation abrogated our earlier precedents applying the treating-physician rule, which required good cause to discount a treating physician's opinion." Sturdivant v. Soc. Sec. Admin., Comm'r, No. 22-13952, 2023 WL 3526609, at *3 (11th Cir. May 18, 2023) (per curiam) (citations and internal quotes omitted); 20 C.F.R. § 404.1520c(a) (explaining ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources"); see also Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 897 (11th Cir. 2022) (explaining 2017 revision eliminated the treating-physician rule and prohibits ALJs from  "defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s)" (citations omitted)).  Because Plaintiff's application for benefits was filed in 2023, R. 66-67, the ALJ was not required to rely on the assessment of a treating physician.  To the extent Plaintiff relies on letters written by his treating medical providers subsequent to the ALJ's decision, those letters do not change the

Court's determination that the ALJ appropriately weighed the record evidence under the revised regulations, as discussed further *infra*.

Though not connected to a specific enumeration of error, Plaintiff also raises concerns about his sleep apnea and flat feet.  See Pl.'s Br., p. 3.  Plaintiff's sleep apnea and foot pain were both directly addressed by the ALJ, and the ALJ determined they cause no significant limitations on Plaintiff's ability to function.  See R. 20, 27.  Thus, because the ALJ did consider evidence of these conditions and Plaintiff fails to articulate any meaningful alleged error regarding the ALJ's consideration of his sleep apnea or flat feet, the Court deems Plaintiff's apparent arguments the ALJ failed to meaningfully consider these impairments abandoned. See Whitten, 778 F. App'x at 793-94.

The Court finds the RFC is supported by substantial evidence.  The ALJ carefully examined evidence from various medical providers and Plaintiff's own testimony showing the extent to which his mental impairments, bilateral lower extremity and left hip pain, and obesity impacted the assessment of Plaintiff's RFC.  See R. 23-30.  The ALJ did not find Plaintiff could perform all ranges of work with *no* limitations.  The ALJ instead included several exertional limitations in the RFC that specifically relate to functional limitation evidence before the ALJ, including those which relate to Plaintiff's claimed limitations.  The RFC limits Plaintiff to only light work and further limits Plaintiff to lifting or carrying no more than 20 pounds occasionally and ten pounds frequently and no more than occasional balancing, stooping, kneeling, crouching crawling, and climbing of ramps, stairs, and ladders not to exceed six feet high.  R. 23.  The RFC further limits Plaintiff's exposure to various workplace hazards and precludes climbing ropes or scaffolds, working at unprotected heights or near moving mechanical parts, and operating a motor vehicle as a work requirement.  Id.  Lastly, the RFC limits Plaintiff to simple, routine tasks and

workplace decisions, limits Plaintiff's interactions with supervisors, coworkers, and the public, and provides he is able to tolerate few changes in a routine work setting in terms of core work duties and processes, with changes mostly gradually introduced and not rapid in nature. Id. There is substantial evidence supporting each of those limitations.

All in all, the RFC is consistent with the record evidence. Plaintiff simply believes the evidence necessitates a different result. While one could credit the evidence differently to justify adding further limitations in the RFC, that is not the province of the Court. The Court's job is not to review the administrative record *de novo*, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. See Crawford, 363 F.3d at 1158-59; Moore, 405 F.3d at 1211. The RFC here is supported by substantial evidence.

**D.    The ALJ Did Not Err When Finding Plaintiff's Knee and Back Impairments Medically Non-Determinable**

In Plaintiff's final enumeration of error, he argues the ALJ erred by finding his knee and back impairments to be medically non-determinable at step two of the sequential evaluation process. Pl.'s Br., p. 3-4; see also R. 20.

At step two of the sequential process, the ALJ evaluates the medical severity of a claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). Only "medical determinable impairments" are considered when determining whether a claimant is disabled. 20 C.F.R. § 404.1529(b). A claimant's complaint of a symptom or combination of symptoms is not medically determinable, and thus cannot be the basis for finding a disability, unless "[m]edical signs or laboratory findings . . . show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or

other symptoms alleged."  Id.; SSR 16-3p ("A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment.").  "If an ALJ concludes that an impairment is not medically determinable, then the ALJ must explain that conclusion."  Matthews v. Kijakazi, No. 4:21-CV-307, 2022 WL 4355348, at *3 (N.D. Fla. Aug. 30, 2022), adopted by 2022 WL 4358099 (N.D. Fla. Sept. 20, 2022).

When evaluating whether Plaintiff's various claimed impairments were medically determinable, the ALJ explained, in relevant part:

> The claimant also testified that different parts of his body hurt.  He states that he has difficulty with his back, knees and thighs that prevent him from running, walking, squatting, and bending.  The medical record does show that he has presented on occasion for treatment of various nonsevere physical complaints such as knee pain, and back pain.  The record also contains physical exams that routinely show the claimant to be in no acute distress, calm, with normal respiratory findings, normal cardiovascular findings, full range of motion, 5/5 strength throughout, normal sensation, no edema, no tenderness, intact cranial nerves, normal ambulation and normal gait.  The record also contains imaging of his knees that shows no acute fracture, dislocation, or joint effusion and no appreciable degenerative changes.  Imaging of his lumbar spine shows no acute osseous abnormality and no appreciable degenerative changes.  The claimant also reports that he enjoys walking and reports walking 2-6 miles and working out.  Therefore, I have found any impairment related to his knees or back to all be non-medically determinable.

R. 20 (citations omitted).  In support of Plaintiff's contention his knee and back pain are medically determinable, he cites to a progress note documenting his complaint of knee and back pain and a letter from a treating medical provider dated November 13, 2024.  As discussed further infra, the Court cannot consider the November 13, 2024 letter.  Plaintiff provides no specific argument as to how the ALJ erred when determining his knee and back impairments are medically non-determinable.  See Pl.'s Br., pp. 3-4.

The Court finds the ALJ properly reviewed the record evidence of Plaintiff's knee and back pain, concluded any impairment related to Plaintiff's knees and back was non-medically

determinable, and adequately explained that decision.  As the regulations make clear, in the absence of medical evidence supporting the existence of an impairment, a claimant's allegations of symptoms such as pain are insufficient to establish a medically determinable impairment.  As neither the ALJ or Plaintiff located any medical data evidencing an impairment that could reasonably be expected to produce the pain Plaintiff complained of, the ALJ did not err when concluding there is no medically determinable impairment related to Plaintiff's knee and back pain.

### E.    Plaintiff Is Not Entitled to Sentence Six Remand

Attached to Plaintiff's brief are two letters written by medical and mental health providers at the Department of Veterans Affairs, which Plaintiff suggests should be considered in this civil action and which he frequently references in support of his enumerations of error. Pl.'s Br., pp. 5-6; see also id. at 2-4.  One letter is signed by Jill Loven, DNP, APRN, PMHNP-BC, dated October 28, 2024, and one letter is signed by Sarah Spellman, MSN, APRN, FNP-C, dated November 13, 2024.  Id. at 5-6.  These documents post-date the ALJ's decision and the filing of this case and Plaintiff provides no explanation as to why they should now be considered or why Plaintiff did not obtain letters from these providers earlier during the administrative proceedings.  See generally id.

Because this evidence was not presented at the administrative level, it cannot be considered by the Court when determining whether the Commissioner's decision is supported by substantial evidence under sentence four of § 405(g).  A reviewing court, when presented with new evidence that was never presented for review at the administrative level, may only consider whether the new evidence necessitates remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the

Commissioner's final decision is supported by substantial evidence. Ingram v. Comm'r of Soc. Admin, 496 F.3d 1253, 1267-68 (11th Cir. 2007); Norton v. Comm'r of Soc. Sec., 607 F. App'x 913, 917-18 (11th Cir. 2015) (per curiam); see also Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (evidence attached to appellant's brief not properly before the court) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (noting general principle that court's review is limited to certified administrative record)); Walters v. Barnhart, 184 F. Supp.2d 1178, 1185 (M.D. Ala. 2001) ("The plaintiff submits to the Court medical records which she did not present to the ALJ or the Appeals Council in support of her disability claim. These records are not part of the administrative record for review by this court.")

Remand is necessary under § 405(g) only if "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986); 42 U.S.C. § 405(g). Regarding materiality, the new evidence must relate to the time period on or before the date of the ALJ's decision, and there must be a reasonable possibility the new evidence would change the administrative result. Lipscomb v. Comm'r of Soc. Sec., 199 F. App'x 903, 907 (11th Cir. 2006) (per curiam); Archer v. Comm'r of Soc. Sec., 176 F. App'x 80, 82 (11th Cir. 2006) (per curiam).

Plaintiff cannot show the new evidence is material. The letters make general conclusions regarding Plaintiff's functional limitations with no reference to the relevant period, let alone any indication that the October and November 2024 recommendations are relevant to Plaintiff's limitations before the ALJ's decision. The letters would not have

changed the administrative result and are therefore not material. Plaintiff also does not have good cause for failing to present this evidence earlier.

The Court notes that simple nonexistence of evidence during the administrative process sometimes may constitute good cause. See Tolbert v. Colvin, No. 5:13-CV-1864-CLS, 2014 WL 3889476, at *2 n.13 (N.D. Ala. Aug. 4, 2014) (explaining debate on whether nonexistence of evidence always constitutes good cause). However, the good cause avenue to considering new evidence "was designed to avoid the danger of encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987) (internal quotations omitted). Allowing Plaintiff to escape his most recently social security adjudication by simply going to his treating providers once more to gather additional evidence (of little value) for briefing would undermine the purpose of the good cause exception. See id.; Harris v. Apfel, No. CIV.A.98-0953, 1999 WL 33915955, at *4 (S.D. Ala. Oct. 14, 1999) ("To uphold Congress' intent to discourage claimants from seeking after-acquired evidence as a means of obtaining reversal of an adverse decision, remand in this case must be denied."). Therefore, Plaintiff has not satisfied the requisites of sentence six remand.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 1st day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA